IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| CRAIG B. WHITAKER, | * | |
| Petitioner | * | |
| v. | * | Civil Action No. PX-23-425 |
| WALT PESTERFIELD, | * | |
| Respondent | * | |

***

## MEMORANDUM OPINION

Craig B. Whitaker, currently held at the Baltimore County Detention Center, petitions the Court for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. The Petition alleges that Whitaker's denial of bail violates the Eighth Amendment to the United States Constitution, and that he has been denied his right to a speedy trial, in violation of Maryland law. ECF No. 1. Respondent urges the Court to abstain from reaching the petition on the merits, as required by *Younger v. Harris*, 401 U.S. 37, 44 (1971). ECF No. 10. Whitaker has not replied. The Court finds no need for a hearing. *See* Loc. R. 105.6. For the following reasons, the Petition is dismissed without prejudice and a certificate of appealability will not issue.

### I.   Background

Whitaker is charged in Baltimore County Circuit Court with first-degree murder, first-degree assault, and use of a firearm in a crime of violence. ECF No. 10-1 at 22-25. On October 26, 2021, Whitaker appeared in court on the charges, and after a hearing, was held without bond. *Id*. at 31-32. Whitaker next filed a pro se "Motion to Set Bail," arguing that release conditions could be fashioned to assure reasonably his appearance at trial and the safety of the community. *Id*. at 52. Whitaker highlighted his lifelong ties to the community, the weakness of the state's case, the lack of COVID-19 safety protocols at the detention center, and the hardship that his detention

visits on his family. *Id*. at 52. At a subsequent hearing on the motion, Whitaker's defense counsel echoed many of the same arguments. ECF No. 10-2 at 6-7. The Assistant State's Attorney opposed the motion, underscoring that Whitaker presents "a clear public safety risk to not only [the] surviving witnesses and victims in this matter but to the public at large." ECF No. 10-2 at 10.

The Court denied Whitaker bail. ECF No. 10-2 at 14. The appeal of the denial was dismissed without prejudice as "not allowed by law;" the Appellate Court reminded Whitaker that the proper vehicle for challenging the denial of bail is a state petition for writ of habeas corpus. ECF No. 10-1 at 59-60; 79.

Whitaker next petitioned for habeas corpus in state court several times, seeking to overturn the detention order. *See* ECF No. 10-1 at 62 ("Writ of Habeas Corpus Motion for an Immediate Bail Review"); 64 (same); 66-67 (application for leave to appeal); 86-88 ("Petition for the Issuance of a Writ of Habeas Corpus to Grant Bail"); 98-101 (application for leave to appeal); 107-201 (Petition for Writ of Habeas Corpus). All such requests were denied. *Id*. at 181-84. Whitaker filed two more requests for bail on February 27 and March 23, 2023, which were also summarily denied. *Id*. at 190-97; 206-8.

Whitaker next filed this Petition in which he claims the Circuit Court erred in detaining him. He argues that the information presented to secure his detention was "insufficient as a matter of law to persuade a reasonable trier of fact by clear and convincing evidence" that he was too dangerous to be released. ECF No. 1 at 6. Whitaker also maintains that "someone else was responsible for the shooting death," and that one surviving witness never identified him as the "person responsible for assaulting him." *Id.* He argued that this, combined with his history of appearing in court and no prior record for witness intimidation, compels his release pending trial. ECF No. 1 at 6.

2

Relatedly, the Petition challenges that the conditions of confinement violate Whitaker's constitutional right to be free from cruel and unusual punishment. ECF No. 1 at 7. Whitaker takes issue with the Detention Center's limits on visitation, exercise, recreation, practice of religion, and use of legal resources; as well as overcrowding, vermin infestation, poor ventilation, and poorly trained staff. *Id*.

Lastly, the Petition argues that the State's failure to try his case within 180 days violates his speedy trial rights under Maryland law. ECF No. 1 at 6. Whitaker highlights that he never waived his right to a speedy trial, and so the charges against him must be dismissed. *Id*.[1]

## II. Discussion

The Court begins with Whitaker's challenge to his continued detention. A Petitioner may pursue such challenges in a § 2241 Petition only if he is in custody, has exhausted state court remedies, and special circumstances exist that justify federal court intervention. *See Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987). Generally, however, federal courts should abstain from exercising jurisdiction over a claim that will likely be resolved through trial on the merits or by other available state procedures. *See Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 489-90 (1973). In that regard, Respondents argue principally that Court must abstain from adjudicating the claim under the *Younger* abstention doctrine. *See Younger v. Harris*, 401 U.S. 37 (1971).

In *Younger*, "the Supreme Court plainly declared that federal court equitable interference with state criminal proceedings should not be undertaken except in the most narrow and extraordinary of circumstances." *Gilliam v. Foster*, 75 F.3d 881, 903 (4th Cir. 1996). This

---

[1] Whitaker' separately filed a "Motion for Order to Show Cause, Motion for Preliminary Injunction, Motion for Temporary Restraining Order," which includes a proposed order, and two other documents. ECF No. 9. The Court construes the motion as part of the Petition and directs the Clerk to rename the pleading as a supplement to the Petition.

doctrine "requires a federal court to abstain . . . even if jurisdiction exists," where there is "(1) an ongoing state judicial proceeding, instituted prior to any substantial progress in the federal proceeding; that (2) implicates important, substantial, or vital state interests; and (3) provides an adequate opportunity for the plaintiff to raise the federal constitutional claim advanced in the federal lawsuit." *Laurel Sand & Gravel, Inc. v. Wilson*, 519 F.3d 156, 165 (4th Cir. 2008); *accord United States v. South Carolina*, 720 F.3d 518, 527 (4th Cir. 2013).

Each criterion is satisfied here.  First, Whitaker filed the Petition during the pendency of his criminal trial.  Second, the States' interest in "administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." *Kelly v. Robinson,* 479 U.S. 36, 49 (1986).  Third, Whitaker had ample opportunity to challenge the fact of his detention.  Although he is not pleased with the State Court determinations, he nonetheless can, and has, pursued all arguments for release in State Court that he now asserts in this Petition.  Thus, *Younger* abstention applies.

Moreover, Whitaker's claim does not trigger any of the three well-established exceptions to *Younger* abstention.  *Younger* abstention should not preclude review where the claimant "(1) . . . [makes] a showing of bad faith or harassment by state officials responsible for the prosecution; (2) the state law to be applied in the criminal proceeding is flagrantly and patently violative of express constitutional prohibitions; or (3) other extraordinary circumstances exist that present a threat of immediate and irreparable injury." *Nivens*, 444 F.3d at 241.  Whitaker has made no such showing.  At best, the Petition allegations voice his disagreement with the state court's detention decision.  The Court, therefore, must abstain from reaching the merits of this claim.

Turning next to the speedy trial challenge.  Whitaker principally argues that his state statutory speedy trial rights have been violated.  A federal habeas petition is limited to challenging

federal constitutional or statutory violations. Where the claim concerns state law, the Petition fails to assert a cognizable claim for relief. *Wilson v. Corcoran*, 562 U.S. 1, 1 (2011) (holding courts may not issue writs of habeas corpus to prisoners whose confinement does not violate federal law."); *Spencer v. Murray*, 18 F.3d 267, 239-40 (4th Cir. 1995). Thus, to the extent the Petition challenges solely the violation of Maryland's 180-day trial requirement, the claim must be dismissed. *See* Md. Rule 4-271(a)(1), *see also Hicks v. State*, 285 Md. 310, 403 A. 2d 356 (1979); *see Estelle v. McGuire*, 502 U.S. 62, 67- 68 (1991).

Even if the Court construes the Petition as raising a Sixth Amendment speedy trial claim, the Court must abstain from deciding the matter under *Younger*. *See Doggett v. United States*, 505 U.S. 647, 654 (1992); *see also Brazell v. Boyd*, 991 F.2d 787, 1993 WL 98778, at *2 (4th Cir. 1993) (explaining district court should abstain under *Younger* on a violation of speedy trial rights claim), *also see Carden v. State of Montana*, 626 F.2d 82, 84 (9th Cir. 1980); *Dickerson v. State of Louisiana*, 816 F.2d 220, 226-27 (5th Cir. 1987) (affirming denial of pretrial habeas relief on Sixth Amendment speedy trial claim); *Bean v. Matteucci*, 986 F.3d 1128, 1134 (9th Cir. 2019) (speedy trial claim is a defense that "protects the integrity of the trial itself and like most trial rights, can be vindicated through reversal of improperly-obtained conviction."); *Moore v. DeYoung*, 515 F.2d 437, 443 (3rd Cir. 1975) (concluding that the federal court should abstain from considering a speedy trial claim at the pretrial stage because the claim could be raised at trial and on direct appeal). Indeed, "*Younger* demands abstention where granting the requested relief would require adjudication of federal constitutional issues involved in the pending state action." *Traverso v. Penn*, 874 F.2d 209, 212 (4th Cir. 1989) (internal citations and quotation marks omitted). Accordingly, Whitaker's speedy trial claim shall be dismissed without prejudice.

Lastly, the Court reviews the challenge to Whitaker's confinement conditions. Although

Whitaker asserts this claim in his § 2241 Petition, it instead must be brought as a civil rights complaint under 42 U.S.C. § 1983. *See Patten v. Nichols,* 274 F.3d 829, 834 (4th Cir. 2001). *See also Hill v. McDonough*, 547 U.S. 573, 579 (2006) quoting *Muhammad v. Close*, 540 U.S. 749, 750 (2004). Should Whitaker wish to pursue this claim, he must file a separate Complaint.[2]

Whitaker is cautioned however, that generalized allegations of poor living conditions or restrictions on freedom will not make plausible the requisite elements of the claim. Although a pretrial detainee "cannot be subject to any form of punishment," *Mays v. Sprinkle*, 992 F.3d 295, 300 (4th Cir. 2021), "not every inconvenience encountered during pretrial detention amounts to 'punishment' in the constitutional sense." *Martin v. Gentile*, 849 F.2d 863, 870 (4th Cir. 1988) citing *Bell v. Wolfish*, 441 U.S. 520, 538-40 (1979). Confinement conditions amount to unconstitutional punishment when prison officials inflict them on the detainee with the express intent to punish, or if the conditions are not reasonably related to a legitimate, non-punitive goal. *Bell*, 441 U.S. at 538-39 (restrictions or conditions that are arbitrary or purposeless may be considered punishment). In determining whether the challenged conditions amount to punishment, it is not the province of this Court to determine how a particular prison might be more beneficently operated; the expertise of prison officials must be given its due deference. *See Sandin v. Conner*, 515 U.S. 472, 482-83 (1995). Whitaker is forewarned that absent a more particularized showing consistent with these principles will result in dismissal of the claim, perhaps with prejudice.

### III.   Certificate of Appealability

Having found that the Petition does not present a claim upon which federal habeas relief may be awarded, a certificate of appealability should not issue. Such certificate is available "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C.

---

[2] The Clerk is directed to provide Whitaker with preprinted forms for filing a civil rights complaint.

§ 2253(c)(2); *see Buck v. Davis*, 580 U.S. 100, 115 (2017).  Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003).

Because Whitaker has not made a substantial showing of the denial of a constitutional right, the Court will not issue a certificate of appealability.  *See* 28 U.S.C. § 2253(c)(2).  Whitaker may request that the United States Court of Appeals for the Fourth Circuit issue such a certificate.  *See Lyons v. Lee*, 316 F.3d 528, 532 (4th Cir. 2003).

A separate Order follows.

| | |
|---|---|
| 8/28/23 | /S/ |
| Date | Paula Xinis<br>United States District Judge |